Judge Ewing
delivered the Opinion of the Court in this case: in the decision of which Judge Marshall took no part.
John Gregory brought an action of ejectment against Jeremiah Nesbit, for about ten acres of land, lying within the boundaries of the patent of James Powers; and, having obtained a verdict and judgment, the case was brought to this Court, and the judgment reversed and a new trial directed. The case will be found reported, in 7 J. J. Marshall, 270.
Upon the second trial, the Court, on the motion of the defendant’s counsel, excluded the plaintiff’s documentary evidences of title, and instructed the jury to find as in case of a non-suit. Exceptions having been taken to the opinions of the Court, and the evidence spread on the record, the case has been again brought to this Court, for revision, by the plaintiff.
The plaintiff attempted to deduce title under the patent of James Powers, through one Nathaniel McCarty, and also under a patent to Patty Harris and others, junior in date to the patent to Powers, and a decree obtained by the junior patentees, claiming a superior equity under their title, against William Powers and others, who are styled, in the decree, the heirs of James Powers, deceased, and a commissioner’s deed, conveying their title to Marshall.
His paper title, under Powers’ patent, is clearly imperfect. There is no deed from Powers to him, nor to Nathaniel McCarty, his vendor. His connection with the patent of Powers, is, therefore, not made out. And it is questionable whether it is rendered more perfect by the deed from Marshall, under the decree in favor of Patty Harris and others. There is no evidence in the record showing that James Powers was dead, or that *420 the persons proceeded against as his heirs were his legal heirs. But, waiving this latter consideration, and conceding that that chain of title is well made out, the question still occurs whether the whole proof in the cause, if no part of it had been excluded from the jury, would have entitled the plaintiff to a verdict. For, if the instruction of the Court, as in case of a non-suit, upon the whole proof (including the papers rejected) would have been proper, then the plaintiff has sustained no prejudice by their exclusion, and the judgment should not be reversed for that error.
Plaintiff’s parol proof.
All the proof in the cause was adduced on the part of the plaintiff. In addition to his written evidence of title, he introduced three witnesses—Reason Talbot, Nathaniel McCarty, and Zachariah Eastin. The two former, in the most essential matters, corroborate and sustain each other, and establish, in substance, the following facts:—That one Huston, claiming the four hundred acre tract of land, including the land in contest, settled one Gibson on it, in 1787, at a place outside of the piece in contest; that, Huston sold the four hundred acres to McCarty, the father of one of the witnesses, and he took possession in 1790, at the place occupied by Gibson, and remained there until he sold to the plaintiff, in 1807, when the defendant succeeded him in the possession, and has remained there ever since; that prior to his sale to the plaintiff, he had sold several parcels of the tract to others; that McCarty had frequently said that, about the year 1801, he had directed the sheriff to levy an execution, in favor of Light, against him, on the land in contest, and that after the sale, and in 1801, he had caused the land to be laid off, by metes and bounds, to Wm. Nesbit, and put him in possession of it—and he, afterwards, frequently, when speaking of the land, called it Nesbit’s land; that Nesbit, who owned the land adjoining, in 1801 or 2, claiming the land in contest as his own, by metes and bounds, enclosed about one acre thereof, in a potato and flax patch, and some years thereafter, and before McCarty sold to the plaintiff, Nesbit enclosed three or four acres more, and had held the same within his enclosure, and in possession, continually *421 up to the time of his death, in 1805, and since then the same has been so held by his son, the defendant, up to the commencement of this suit in 1828; that both Wm. Nesbit, in his life time, and his son, the defendant, after his death, from 1801 up to the commencement of this suit, claimed and used the land in contest as their own, by metes and bounds, and, in 1821, enclosed the whole of it under fence.
Contract of sale, McCarty to pltf.
A motion to instruct as in case of a non-suit, is like a dem’r to evidence, and is proper when the evidence is all for pltf. or all consistent; it admits all the facts proved, and all reasonable deductions from them, and should be given, if pltf ,on all the proof, ought not to recover.
The fact that the possession of a tract of land had been with a man and his son who succeeded him 25 years, and the fact that a commissioner who divided the father’s land, after his death, did not include that tract, nor ever heard of it, are not inconsistent facts. On a motion for a non-suit, both must be taken as true.
*421 Eastin, after stating facts rather in corroboration of, than in contravention of, the foregoing facts, states that, in 1811, he was called on to divide the lands of Wm. Nesbit between his heirs, and he made the division, without embracing or regarding in any way, or even hearing of the land in contest; that he has surveyed the four hundred acre tract, and there is a deficit in the quantity; that, after deducting the parcels previously sold to others, (which, in the aggregate, embraces 188 acres,) there is only one hundred and eighty three in the parcel sold by McCarty to Gregory.
The article of agreement, evidencing the sale from McCarty to the plaintiff, dated in 1807, was read; by which it appears, that the tract of land sold is described as the tract upon which McCarty lived, supposed to contain about two hundred and five acres, and adjoining the land of Steel, Marshall, Ritchey, Varnon, Nesbit, and Shaw.
A motion to instruct the jury as in case of a non-suit, is in the nature of a demurrer to the evidence; and when the evidence is all on the side of the plaintiff, as in this case, and is not contradictory or doubtful, the motion should be indulged. In such a motion, all the facts proven should be taken as true, as well as every rational deduction which a jury could indulge against the defendant. And, when thus scrutinized and weighed, if the whole proof shows that the plaintiff ought not to recover, the instruction should be given.
There seems to us to be no irreconcilable contradiction in the statements of the witnesses. The facts stated by the latter witness do not contravene the facts stated by the two former, in relation to the continued possession of the land in contest, by the defendant and *422 his father, for upwards of twenty years. It may be true that he was called on to divide the land of Wm. Nesbit, deceased, between his heirs, and did not divide, or even hear of, the land in contest; and also be true that the defendant, and his father before him, had been in the uninterrupted possession of the same for more than twenty years, claiming it as their own. The fact of a failure to divide, does not necessarily contravene the fact of actual possession. And such construction should be given to the testimony of all the witnesses, as to make it harmonize and stand together.
Every witness is bound to state the whole truth touching the matter in issue; and tho’ a cross-examination of a witness for one party, may elicit facts entirely distinct from those which he was called to prove, and altogether favorable to the other party, he is still the witness, and his testimony is the evidence, of the party who called him, and must be so treated on a motion for a non-suit.
Besides, as the motion goes upon the principle of an admission of the truth of the facts proven by all the witnesses, the fact of possession, proven by the two former witnesses, as well as the fact of non-division, must be admitted.
But it is contended that the facts, in relation to the possession of the defendant and his father, were extracted from the witnesses upon the cross-examination of the defendant, and, as to those facts, he makes them his witnesses, and the facts proven by them his evidence.
We cannot concede this position. A witness is bound to detail the truth, the whole truth, and nothing but the .truth, touching the matters in issue. As he may not be apprized of the issue, or of all the matters which may be made to bear upon it, one of the objects of a cross-examination is to direct his attention to those matters, and extract from him the whole truth in relation to them. And, though it is thus extracted, it is no less the evidence of the plaintiff’s witnesses than if, as it was his duty to do, it had been detailed in the first instance. 3 Marsh. 277, Burton vs. Brashear.
The plaintiff can no more impeach his own witnesses, for what they depose on a cross-examination, than for that which they depose at his instance. Their introduction is an admission of their credibility, not only in the matters to which he directs their attention, but as to all the matters involved in the issue. Taking their statements as true on both sides, the question may be well made, by a motion to the Court, whether the law is for the plaintiff or defendant.
The def’t in an execution gave up part of a tract of land in his possession, to be sold, and after the sale, delivered it, by metes and bounds, to the purchaser—whose possession, occupancy and use of the land, with that of his son who succeeded him, had continued more than 20 years when this eject. was bro’t: held, that the deft’s possession, tho’ unaccompanied with any documentary evidence of title, must be deemed adverse to all the world, and sufficient to bar the action.
Taking, therefore, all that has been proved as the proof of the plaintiff’s witnesses, and admitting all as true, as well as every inference which might rationally be deduced from it, by the jury—what has been proven?
It is clearly proven that the land in contest was given up to the sheriff, by McCarty, the then claimant and possessor, in 1801, to be sold to satisfy an execution against him; that it was sold, and the father of the defendant became the purchaser; that it was bounded and abutted and laid off to him, by the consent of McCarty, and he placed in possession; that he continued in possession, claiming the land as his own, to the extent of the boundary assigned him, cultivating a part, and exercising dominion over the whole, till his death; that his son, the defendant, succeeded him in the possession, exercising like ownership over it, and has continued in the possession ever since — their united possessions having continued for about twenty five or six years, before the commencement of this suit. Under these circumstances, we cannot doubt, but that the right of entry of the plaintiff is barred, whether he relies on McCarty’s prior possession, or on his documentary evidence of title.
It matters not that the defendant has failed to show a paper derivation of title. He or his ancestor came peaceably into the possession, by the assent of McCarty, and claimed to hold the land as his own. He entered, not as tenant, or quasi tenant, under an executory contract from McCarty, and looking to him for a title, but as absolute owner by a claim of purchase from the sheriff. His possession was adverse to McCarty, and to the whole world; and having been continued for more than twenty years, will bar this action, whether brought by McCarty, or any other deriving title, or not deriving title, under him.
The plaintiff, therefore, upon the whole proof, was not legally entitled to recover; and it was proper for the Court to give the instruction asked.
The judgment of the Circuit Court is, therefore, affirmed.