## Doss v. Monticello Electric Light & Power Company and Myers.

(Decided January 24, 1922.)

### Appeal from Wayne Circuit Court.

1. Municipal Corporations—Automobiles—Owner of Automobile Not Liable for Negligence of Person Whom He Permits to Use It.— Ordinarily one who owns or controls an automobile is not liable for the negligence of a person whom he permits to use it. Whether a different rule applies where the owner knowingly suffers or permits the automobile to be operated by an infant in violation of section 2739g-30, vol. 3, Kentucky Statutes, is not decided.

2. Pleading—Negativing Exceptions—Proof.—Where the exceptions are included in the paragraph of the statute creating the offense, they must each be negatived by allegation and sustained by proof if the allegation is denied.

3. Municipal Corporations—Automobiles—Operation by Infant in Violation of Statute—Sufficiency of Evidence.—Where, in an action for personal injuries, based on the theory that the owner of the automobile which caused the injuries knowingly suffered and permitted an infant to operate the machine, in violation of the statute, there was no evidence that the infant was unaccompanied by some person over the age of twenty-one years, who accompanied him with the consent of his father, mother or guardian, the evidence was insufficient to show that the machine was being operated in violation of the statute.

4. Master and Servant—Liability—Son—Family Purpose Doctrine—Liability of Father.—The "family purpose doctrine" prevails in this state and is to the effect that the owner of an automobile, which was purchased and maintained for the pleasure of his family, is liable for injuries inflicted by the machine while it was being used by the members of his own family for their own purposes, on the theory that the machine was being used for the purpose for which it was kept, and that the person operating it was therefore acting as the owner's agent or servant in using it.

5. Master and Servant—Automobile—Family Purpose Doctrine.—Son—Liability of Father—Sufficiency of Evidence.—Evidence that the machine causing an injury was owned by the light company and was sometimes driven by the infant son of the general manager, but for what purpose it does not appear, is not sufficient to bring the case within the "family purpose doctrine."

BERTRAM & BERTRAM for appellant.

DUNCAN & BELL for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Jesse Doss, who was struck and injured by an automobile belonging to the Monticello Electric Light & Power Company, and driven by Robert Page Myers, an infant under sixteen years of age, brought suit against the company and its secretary and general manager, R. A. Myers, to recover damages. At the conclusion of the evidence for plaintiff, the trial court directed a verdict in favor of the defendants and plaintiff appeals.

Section 2739g-30, vol. 3, Kentucky Statutes, is as follows:

"It shall be unlawful for any person to operate a motor vehicle who is less than sixteen years of age unless such person be accompanied by his father, mother or

guardian, or some person over the age of twenty-one years who accompanies such person with the consent of the father, mother or guardian. Any person violating this section shall be arrested, and if found guilty, fined in the sum of not less than $15.00 nor more than $25.00.

The action is predicated on the theory that Robert Page Myers was negligent at the time of the accident, and that the company and its general manager, R. A. Myers, knowingly suffered and permitted him to operate the machine in violation of the statute.

The facts as developed by the evidence for plaintiff are as follows: Plaintiff, who was in a wagon, had driven his team to the side of a street in Monticello, with the view of driving into a gate on the opposite side of the street. In getting off the wagon, he stepped on the double tree and then on the ground, immediately in front of the automobile which struck and severely injured him. The automobile gave no warning of its approach, and plaintiff did not see or hear it approach. Neither plaintiff's father nor mother was in the car but there were other parties in the car whom plaintiff did not know. Plaintiff was unable to state whether or not R. A. Myers knew that his son was running the car, but had frequently seen the son running the car on the public streets of Monticello when his father was in town and no one else was in the car. Other witnesses corroborated plaintiff as to the circumstances of the accident and also testified that they had seen R. P. Myers driving the car when no one was with him and his father was in town.

Ordinarily, one who owns or controls an automobile is not liable for the negligence of a person whom he permits to use it. Tyler v. Stephan's Admx., 163 Ky. 710, 174 S. W. 790; Keck v. Louisville Gas & Electric Co., 179 Ky. 314, 200 S. W. 452, L. R. A. 1918C, 654. Whether a different rule applies where the owner knowingly suffers or permits the automobile to be operated by an infant in violation of the statute, it is unnecessary to decide. The exceptions specifying the conditions under which an infant may operate an automobile are included in the paragraph of the statute creating the offense. That being true, each of the exceptions must be negatived by allegation and sustained by proof if the allegation be denied. Dials v. Commonwealth, 192 Ky. 440, 233 S. W. 888. While there was evidence that Robert Page Myers was an infant under sixteen years of age, and that he was not

accompanied by his father or mother, there was no evidence that he was unaccompanied by some other person over the age of twenty-one years, who accompanied him with the consent of his father, mother or guardian. It follows that the evidence was not sufficient to show that the machine was being operated in violation of the statute.

But it is sought to hold R. A. Myers liable under the "family purpose doctrine," which prevails in this state and is to the effect that the owner of an automobile, which was purchased and maintained for the pleasure of his family, is liable for injuries inflicted by the machine while it is being used by the members of his family for their own pleasure, on the theory that the car is being used for the purpose for which it was kept, and that the person operating it is therefore acting as the owner's agent or servant in using it. Stowe v. Morris, 147 Ky. 388, 144 S. W. 52, 39 L. R. A. (N. S.) 224. The evidence was not sufficient to bring the case within the rule announced. It does not show that the machine was owned, purchased, maintained or ordinarily used for family purposes. On the contrary, it merely shows that the machine was owned by the light company and was sometimes driven by the infant son of the general manager, but for what purposes it does not appear.

As the evidence is insufficient to make out a case against either of the defendants, it follows that the directed verdict in their favor was proper.

Judgment affirmed.