## Rauckhorst v. Kraut.

(Decided November 5, 1926.)

### Appeal from Kenton Circuit Court.

1. Automobiles.—For head of family to be responsible for negligence of member of family in operation of automobile under family purpose doctrine, operator at time of accident must be operating it within scope of family purpose.

2. Automobiles—Head of Family Held Not Responsible for Negligence of Adult Son Using Family Automobile in Returning from Work.—Head of family is not responsible for accident, where adult son was using automobile purchased for family use solely to go to and from work, and advancing no family purpose at time of accident.

EDW. J. TRACY for appellant.

T. J. EDMONDS and J. RICHARD UDRY for appellee.

Opinion of the Court by Judge Dietzman—Affirming.

The appellant was run over and injured by an automobile belonging to appellee and driven at the time of the accident by appellee's son, Philip Kraut. Appellant brought suit against appellee for the injuries she had thus sustained, and at the close of her evidence the court peremptorily instructed the jury to find for the appellee. The question of the correctness of this action on the part of the court is the basis for the present appeal.

Appellant grounded her action against the appellee on the family purpose doctrine established by this court in the case of Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, and the sole question we have to determine is whether or not the evidence in this case brings it within such doctrine. There is no dispute about the facts. Philip Kraut at the time of the accident herein was 23 years of age. He was married but had separated from his wife. During his marriage he had lived apart from his parents, but after his separation he had gone back to live with them. He paid board, but it so happened that on account of his father being ill at the time of the accident the board Philip paid was almost the sole support of his parents. The automobile was bought by the appellee, as she testified, for "the use of the family." No one in this family could drive this machine but Philip, and he was accustomed to take his parents out on Sundays and possibly on other occasions for pleasure trips. When his father was well and able to work, he drove his father to his place of work. But, as stated, at the time of this accident his father was ill and confined to his home. Philip also used this machine in going from his parents' home in Covington to where he worked in Cincinnati and back. At the time of this accident he was using the machine solely for the purpose of returning home from his work in Cincinnati.

We are of opinion that under these facts Philip Kraut was not at the time of the accident herein operating appellee's automobile in such a relationship to her as to fasten liability upon her for the accident under the family purpose doctrine. As well said by appellant's attorney, it is of but little value to refer to the opinions of other courts because they are so hopelessly divided on the correctness of the family purpose doctrine, but the inquiring reader may find a large number of these cases collected in Landry v. Richmond, 45 R. I. 504, 32 A. L. R. 1504, where reference may also be found to earlier annotations. Learned commentators have pointed out the difficulty in arriving at a true basis for the family purpose doctrine. It may be that the courts which follow it have been subconsciously influenced by the original rule from which sprang the responsibility of a master for the torts of his slaves and later his servants or agents, it being founded on the duty of the head of the family or *pater familias* to surrender any member of his household, child, slave or servant, to a person injured by such child, slave or servant, which duty later came to be commuted to a money payment. See Holmes on the Common Law, pages 16, 230, et. seq. But at least for the head of the family to be responsible for the negligence of a member of that family in the operation of an automobile under the family purpose doctrine, the operator at the time of the accident must be operating it within the scope of the family purpose. For instance, if the operator is using the car for a pleasure trip, with the knowledge and consent expressed or implied of the head of the family, the car having been purchased for the pleasure of the family, the operator would be held to be operating the car within the scope of the family purpose. Stone v. Morris, *supra.* Here, however, we have an adult son using the automobile solely for the purpose of getting himself to and from his own work, paying his own board, and obviously advancing no purpose but his own at the time of the accident. No purpose of the family was served; neither the happiness nor pleasure of any of its members, which the head of the family sought by the ownership to advance; no economic end of the family, but the convenience of an adult son in saving himself time in going to and from his work, the pay for which was all his to do with as he wished. Clearly such use by Philip was not within the scope of the family

purpose, and for that reason the court did not err in holding that the appellee was not responsible for this accident.

The judgment of the lower court is therefore affirmed.