## Kennedy v. Wolf.

(Decided June 17, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, Second Division).

Master and Servant.—Where plaintiff was injured by automobile owned by wife, but driven by husband on errand pertaining to his business, wife was not liable under "family purpose" doctrine.

ROBERT HUBBARD and JOHN L. SULLIVAN for appellant.

JOHN P. HASWELL for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

The sole question on this appeal is whether appellee Ella Wolf, the wife of John B. Wolf, and the owner of a motorcar which at the time was being driven by her husband in her absence, is liable under the "family purpose" doctrine for his negligent injury inflicted upon appellant.

The facts are that appellee and her husband lived together in Louisville and that she was the owner of and kept at their home a touring car. There lived with them her young daughter by a former marriage, who went to school. They apparently lived in the outskirts of the city, some distance from the school the child attended and some distance from his place of business. He operated a butcher business, and in addition to the car owned by his wife he had a truck, which he owned and operated in connection with that business.

The car owned by the wife was kept and used for general family purposes, such as the taking of pleasure drives and in going to and from the homes of their friends upon visits. In addition to such use, however, the husband frequently used the car in going to and from his business, and to and from other places to which he went, when not accompanied by his wife or her child. While he frequently used his truck in going to and from his place of business, he without special permission often used her car for such purpose, and upon such occasions never asked for her specific permission. In other words, he used her touring car whenever it suited his purposes, without asking her, and apparently with her acquiescence and general permission.

Many times, whether using the one car or the other, he would take her child to the school she attended, or to a point where she could take the street car. In short, he appears to have used her car, without asking special permission, whenever he wanted to, although upon rare occasions she would request him not to use her car that day, as she expected herself to use it. However, he always used her car in going to and from his business on Wednesdays and Saturdays.

On the morning of November 12, 1924, John B. Wolf left his home in his wife's car, accompanied by his stepdaughter; it was about 8 o'clock, or shortly theretofore, when he left home, and at about 8, or soon thereafter, he left the child at her school, and proceeded thence to some other part of the city of Louisville, and did not go directly to his place of business. He continued for purposes of his own to remain in sections of the city some distance from his home and his place of business until about 11:20 or 11:30, when he again got in the car and started to his place of business. About 11:40 or 11:45, while he was thus proceeding, he ran over and severely injured the infant appellant.

This is an action by such infant, through her next friend, against both Wolf and his wife, seeking against them jointly and severally a judgment in damages because, as alleged, her said injuries resulted from his negligence, and this is an appeal from a judgment on a directed verdict for the wife. It is not disclosed the nature of John B. Wolf's activities down in the city during the period of approximately 3½ hours from the time he left his stepdaughter at her school until he started to his place of business; but it is convincingly shown that, when the accident happened, he was then on the way to his place of business, presumably with the purpose of engaging in his business activities.

The "family purpose" doctrine has been invoked in most, if not all, the jurisdictions in this country, under many and varied circumstances and conditions. An analysis of the opinions in the various jurisdictions, and of the text-books on liability for the operation of automobiles, fails to disclose any unanimity of opinion as to the basis upon which the "family purpose" doctrine is placed. Many of the opinions seem to place it

upon the relationship of principal and agent, while many appear to fix the liability upon the ground that the operator of the machine is the servant of the owner, and yet others appear to base it upon the fundamental idea that the head of the family, who has furnished the motorcar for family uses, and has given his consent that members of his family shall use it for their own purposes, is liable for their negligence in so using it.

But, upon whatever theory of the law this liability of one for the tort of another is based, it is at best a harsh doctrine, and an examination of the more recent opinions throughout the several jurisdictions in this country will disclose a recent tendency to restrict rather than to enlarge its application. In this case, up to the time the husband delivered the wife's child to her school, it might be reasonably contended he was engaged in her business; but the accident in question occurred 3½ hours thereafter, and at a time when he undeniably was engaged in his own business, and in going to his place of business. There is no justifiable argument that, when this accident occurred, he was engaged in his wife's affairs, or that he in any sense was her agent, chauffeur, or servant in the transaction of her business. After delivering her child at the school, he went to another section of the city, and on business with which his wife had no connection, and of which she had no knowledge, and after transacting that business he started to another part of the city in the prosecution of his own individual business, with which she had no connection, and in which she had no interest, other than the incidental interest that every wife has in the success of her husband's business.

He was the head of the family, and as such, in the prosecution of his own business, was by her general consent using her motorcar. There was no relationship of agency at the time, more than the relationship of husband and wife ordinarily creates, when the husband is engaged in his business. He was not the servant or chauffeur of the wife, because he was not at the time engaged in the prosecution of her business. He, and not she, was the head of the family, using by general permission the motorcar of another member of the family. So that, whatever the fundamental basis of the "family purpose" doctrine may be, the facts of this case do not bring them within its scope.

In this court there has been no adjudication touching the liability of the wife for the torts of the husband while the latter is driving her motorcar, but in many of the states the question has been presented and passed upon without unanimity of view; some of them upholding the liability, and some of them denying it, and many of the cases depending upon the particular facts of the case.

The only Kentucky case of any real similarity is that of Rauckhorst v. Kraut, 216 Ky. 323, 287 S. W. 895. In that case an adult son, living with his father and mother and engaged in business for himself was temporarily the head of the family because of the illness of his father, and was driving a motorcar owned by his mother, which he used in going to and from his business. While returning from his business an accident occurred, and in a suit to impose liability on his mother such liability was denied, upon the theory that at the time of the accident, although his board, which he then paid at home, was the chief support of the family, he was not engaged in his mother's business, and was serving no family purpose at the time of the accident. Many cases dealing with the liability of one spouse while using the motorcar of the other, who is the owner, will be found annotated and analyzed in 5 A. L. R. 232, 10 A. L. R. 1452, 14 A. L. R. 1088, 19 A. L. R. 390, 20 A. L. R. 1471, and 32 A. L. R. 1510.

Our conclusion, from a consideration of the whole "family purpose" doctrine, is that if the head of a family is using a motorcar on his own business, but which belongs to another member of the family, the owner is not liable for drivers negligence, unless he be at the time directly engaged upon the business of the owner.

Judgment affirmed.

Whole court sitting.