## Steele v. Age's Administratrix.

(Decided March 28, 1930.)

O'NEAL & O'NEAL and FRED FORCHT for appellant.

LUKINS & JONES for appellee.

OPINION OF THE COURT BY COMMISSIONER STANLEY—Affirming.

On the afternoon of May 14, 1927, an automobile owned by the appellant, Mrs. Mary Steele, while being driven at a reckless speed, collided with an automobile of B. De Rossett at the intersection of Eighteenth and Jefferson streets, in Louisville. As a result the car was precipitated onto the sidewalk, where it struck James M. Age and inflicted injuries which caused his death on the same day. The two occupants of the car, Stanley P. Bush and Elmer Steele, son of the appellant, were also killed. This suit for damages was filed by Age's Administratrix against the appellant, on the theory that her son was driving it and that the relation of principal and agent existed between them. The evidence does not disclose

which of the young men was actually driving the car at the time; and, while attention is drawn to this fact, the claim for a reversal of the judgment is rested on other grounds.

Mrs. Steele is the wife of Dr. J. C. Steele, of Hazard. While temporarily residing in Louisville for the convenience of her son and daughter who were attending school there, she purchased the automobile, a Studebaker roadster, as she testified, for the use of herself and family and with the intention of giving the machine to her son when he became 21 years of age. At the time of the accident, Mrs. Steele had returned to Hazard and was living there with her family, but had left the machine stored in a public garage at Lexington because of the condition of the roads to Hazard. Her son was then attending school at Lexington and had the use of the car, apparently at his pleasure, up to about two months before the accident.

Mrs. Steele knew nothing of her son being in Louisville until he called his father over the phone about an hour before the accident. She specifically denied that he had any authority to take the car to Louisville on this occasion or to drive it at any other time except by special permission. She testified that she had instructed the garage keeper at Lexington not to let her son have the automobile without her explicit consent on each occasion, or unless she or his father was with him; and that on two previous occasions she had granted that permission.

The service manager of the garage at Lexington testified with respect to the instructions given him concerning the use of the car as follows:

"A. Well, the car was left there; we was not to let Mr. Steele's son have the car unless we had an order from him or Mrs. Steele or one of the two was present with him. That was my instruction from Mr. and Mrs. Steele. While the car was with me, Mrs. Steele herself was the one that gave me more instructions about that than Mr. Steele.

"Q. Will you state just what instructions Mrs. Steele gave? A. Not to let him have the car unless either Mr. or Mrs. Steele was with the boy, or she had called me over the 'phone or we had 'phoned her and she had given me the instruction.

"Q. If she gave permission on this day for him to have the car, state what it was? A. Mr. Steele

was with him at the time he came down after the roadster after we had repaired it, got it ready to go.''

This was on May 11th that Dr. Steele and the boy came for the car, and since the father was along no questions were asked. Something was said about taking the car to the Derby. The witness did not notice whether the two left in the machine together.

. . Just before closing his evidence, the plaintiff called the defendant, Mrs. Steele, to the witness stand and asked her the age of her son, which she stated was 20 years, 10 months, and 15 days. Thereupon her own counsel interrogated her with respect to the facts of the case within her knowledge and on these matters plaintiff's counsel cross-examined her. The facts as above outlined having thus been presented, at the conclusion of her testimony counsel for the defendant moved for a peremptory instruction, which was refused, and of this ruling complaint is made before us.

The defendant's motion for a peremptory instruction was premised on the grounds that the ''family purpose doctrine'' should not apply as her husband was the head of the family; the car was not a ''family purpose'' car; and there was no agency under the facts on the part of the driver of the automobile.

It may be said that the evidence showed that the car was purchased for the use of the defendant's family, including her son, and that it was generally used for the purpose for which acquired subject to the restrictions above stated. The family purpose doctrine is founded on the relationship of principal and agent; the theory being that if one maintains an automobile or other vehicle for the general use, pleasure, and convenience of members of his family, and it is being used by one of them for that purpose when an accident occurs, the one so using the machine will be deemed the agent of the owner and to have been operating the car under the owner's authority, which may be either express or implied. In some instances the doctrine may be a very harsh one, and it has been criticized and rejected in some jurisdictions, but with us its recognition must be classed among the things decided. Lashbrook v. Patten, 1 Duv. 316; Stowe v. Morris, 147 Ky. 386, 144 S. W. 52, 39 L. R. A. (N. S.) 224; Miller v. Weck, 186 Ky. 552, 217 S. W. 904; Holland

v. Goode, 188 Ky. 525, 222 S. W. 950; Doss v. Monticello Elec. L. & P. Co., 193 Ky. 499, 236 S. W. 1046; Sale v: Atkins, 206 Ky. 224, 267 S. W. 223; Thixton v. Palmer, 210 Ky. 839, 276 S. W. 971, 44 A. L. R. 1379; Rauckhorst v. Kraut, 216 Ky. 323, 287 S. W. 895; Kennedy v. Wolf, 221 Ky. 111, 298 S. W. 188; Bradley et al. v. Schmidt, 223 Ky. 784, 4 S. W. (2d) 703, 57 A. L. R. 1100; Malcolm v, Nunn et al., 226 Ky. 275, 10 S. W. (2d) 817; Euster v. Vogel, 227 Ky. 735, 13 S. W. (2d) 1028. Of particular application is Sale v. Atkins, where the subject is considered in its relation to a son surreptitiously using his father's machine.

Appellant argues that the doctrine is applicable only when the car is owned by the father because he is the head of the family, and that it ought not to apply to the mother or any other member of the family. We can see no difference in principle between the ownership by the father and by the mother; and the court is of the opinion that under the facts of this case the rule must be applied.

In Thixton v. Palmer, supra, although it does not appear in the opinion whether or not she was the head of the family, a mother was held liable for damages where her son, using her automobile which she had bought for herself and son, permitted a friend to do the driving while he rode in the rear seat. The theory of the family purpose doctrine was discussed, and several cases referred to as authority for holding the mother liable for resulting damages.

In Kennedy v. Wolf, supra, the wife was relieved of liability under the doctrine where her husband, although using her automobile, was at the time on a business errand of his own. It is indicated that she would have been liable had the use been within the purpose for which the wife maintained the machine.

After the defendant had testified under the circumstances stated, and her motion for a peremptory instruction had been overruled, she offered her husband as a witness in her behalf. On objection he was interrogated in chambers and testified in substance before the judge that on May 11th he went with his son to the garage at Lexington to get his wife's automobile and went from there to Berea and his son went with him. He was going to store the machine in the garage of his brother-in-law and took it to Berea for that purpose. The machine was left in the driveway of his father-in-law's home, and he

and his son went in the house, where they had their evening meal, and without his permission or consent his son took the machine away, and he knew nothing about his whereabouts until the afternoon of May 14th, when he was called from Louisville by his son between 1 and 2 o'clock. He testified that Mrs. Steele had not authorized the taking out of the machine by her son on that occasion; that he did not go to Louisville in it with his consent; and that he did not have any business in Louisville for either his wife or himself. This testimony appears in the record as an avowal. No other evidence being offered by defendant, the court instructed the jury to find for the plaintiff.

The appellant complains that her right of election either to testify herself or to have her husband testify in her behalf (as provided by section 606 of the Civil Code of Practice) was not affected by the plaintiff's having called her to the witness stand, and that since she chose to have him testify the court erred in refusing her that right. We are cited Truitt v. Curd, 16 S. W. 364, 13 Ky. Law Rep. 118; Gregory v. Nesbit, 5 Dana, 422; and Continental Insurance Co. v. Ford, 140 Ky. 406, 131 S. W. 191, which it is said support her contention. The facts in this record, however, are not the same as those disclosed by the opinions referred to. We cannot hold that merely asking the question as to the age of her son made her a witness for the plaintiff for all the purposes of the case. Her own counsel interrogated her as to the merits of the case and she was essentially testifying in her own behalf.

While it appears from the record that during the trial of the case the appellant avoided any claim that her husband was her agent in this transaction, in her brief it is submitted that if the court erred in refusing to let him testify on the ground just stated, she yet was entitled to the benefit of his testimony under section 606 of the Civil Code of Practice as construed by the court, which permits the husband and the wife to testify as to facts coming only to the knowledge of each of them respectively. Without determining the sufficiency of the evidence to prove that Dr. Steele was acting as agent for his wife on this occasion, we are of the opinion that the evidence was properly rejected in either event. Mrs. Steele and the garagemen testified that the son had authority to obtain the automobile at Lexington when accompanied by his father, and there is no contradiction

that his father was with him on this occasion. There was no limitation on its use when he thus obtained the machine. So it could make no difference that the machine was driven first to Berea, and thence to Louisville by the son, even though the latter journey was made without the consent or knowledge of the father. Furthermore, if the father accompanied by the son obtained possession of the car from the garage, there was no evidence of any restrictions upon the son obtaining the machine from his father and using it for the purpose for which the mother owned and kept it, namely, for the use and benefit of her family and herself. In either state of case the evidence of the father as given in the avowal becomes immaterial.

Negligence in the operation of the car and agency of the son being conclusively shown, the court properly instructed the jury to find for the plaintiff.

The judgment is accordingly affirmed.

Whole court sitting.