# Penick et al. v. Commonwealth, for Use and Benefit of W. A. Barnett, et al.

(Decided June 23, 1933.)

EUGENE T. ATTKISSON for appellants.

FRED FAULKNER for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

On December 11, 1920, D. T. Penick qualified as guardian of Wilbur Allan Barnett in the Taylor county court, executing a bond with the Maryland Casualty Company as his surety in the sum of $2,500, for the faithful performance of his duties. Penick received of the personal estate $431.15, and also received from the sale of certain real estate $732. He filed settlements biannually with the county court until November 1, 1928. On March 22, 1929, the ward, having become more than fourteen years of age, nominated M. W. Tucker as his guardian, who was then appointed by the Taylor county court, and executed bond with the Maryland Casualty Company as his surety, in the sum of $1,500. By the settlement made by Penick he then had in his hands due his ward $1,294.36, he paid Tucker $294.36, and delivered to Tucker two bonds each for $500. The ward became of age December 1, 1931, and on December 14, 1931, he brought this action against D. T. Penick, M. W. Tucker, and the Maryland Casualty Company as their surety, alleging that certain errors, specified in the petition, were made in each of Penick's settlements and that by reason thereof he owed the ward at the time of his final settlement $216.57, in addition to the $1,294.36 showed by the settlement. He also alleged that the two bonds turned over by Penick to Tucker were then valueless and that they were also

valueless when he became of age and he prayed judgment for $1,000, the face value of the bonds with interest. Process was not executed on Tucker and later the petition was dismissed as to him. At the next term of the court, no answer being filed by the other defendants, judgment was entered against them by default. They appeal.

The first question arising on the appeal is, Is the petition sufficient to sustain the judgment? Section 2038, Kentucky Statutes, regulating settlements of guardian and ward, is in these words:

"The necessary vouchers shall accompany and remain with the guardian's accounts presented for settlement, which, when properly made, shall be prima facie evidence in his favor; but it may be surcharged and falsified by any person interested therein, who did not contest the settlement."

The petition contained no averment that the plaintiff did not contest the settlement as he might have done by filing exceptions to it in the county court. It will be observed that by the statute the settlement may be surcharged and falsified by any person interested therein who did not contest the settlement. This is plainly a suit to surcharge the settlement, and this being true it could only be brought by one who did not contest the settlement. Under this section, in order for the plaintiff to maintain an action, it was necessary for him to aver that he did not contest the settlement, and not having done this the petition is not sufficient to support the judgment. While the rule is that where an exception or proviso is contained in another clause of the statute the plaintiff may maintain an action without alleging that he is not within the exception, the rule is also well settled that where the right is only conferred upon certain persons, the plaintiff must show that he is within the statute. See Com. v. McCormack, 177 Ky. 474, 197 S. W. 977; Doss v. Monticello Electric Co., 193 Ky. 499, 236 S. W. 1046; 49 C. J. p. 153, sec. 169, and cases cited. The petition is therefore insufficient and on the return of the case to the circuit court the plaintiff may amend his petition.

In the prayer of his petiton he prayed judgment only against Penick for the $216.57. But this was, per-

haps, a clerical error and may also be corrected on the return of the case. All other questions are reserved.

Judgment reversed and cause remanded for proceedings consistent herewith. The whole court sitting.