# Parker v. Coffman.

(Decided Nov. 1, 1938.)

CHILDERS & BOWLES for appellant.

W. A. DAUGHERTY for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

This suit was brought in equity by the infant plaintiff, Ella Coffman, suing by W. A. Daugherty, as next friend, against her guardian, T. G. Parker, to surcharge an alleged improper settlement made by him, as such, in administering and disbursing her estate.

On June 11, 1920, Ella Coffman being then three years of age and her father having been killed that year while working as a coal mine employee, the appellant, A. G. Parker, was upon motion of plaintiff's mother, duly appointed guardian for her, for the purpose of collecting the compensation owing her on account of her father's death.

Appellant, upon his appointment as guardian, duly qualified as such by taking oath and making bond, with the co-appellee W. L. Morris as his surety, in the sum of $2,500, conditioned for the faithful performance of his fiduciary duties.

Acting in such capacity, the appellant recovered on behalf of his ward compensation for the death of her father in the amount of $1,576.80 and the further amount of $120.41 interest thereon from the bank with which the same was for a while carried as a time deposit.

It is admitted that the appellant guardian was derelict, in that he never filed, upon his appointment and qualification as guardian, as was by the statute required, any inventory or settlement of these amounts when collected and received by him nor any later biennial report and settlement thereof nor made any report of his account as guardian or his disbursement and handling of this trust fund received until January 14,

1927, nearly seven years after his appointment and qualification as her guardian, when he made what purported to be his first settlement or report of his guardian's account with the Pike County Court, wherein he claimed and took credit for the sum of $1,143.03 of the $1,697.21 received, as having been disbursed by him for the support of his then 10 year old ward, to various persons in various amounts not itemized in his report, but for which he filed his vouchers showing his disbursement of the claimed amount which the vouchers showed was made chiefly by his sale of merchandise from his own store to the mother of his ward, allegedly made for the latter's use.

During this seven year period, however, covered by the first January 1927 settlement, it is undisputed that the infant ward lived practically throughout the entire time with her grandparents, who furnished her a home without charge and with practically her entire support and maintenance, as if their own child.

Appellant later filed his second and final report of settlement on August 4, 1928, wherein he reported that he had, as guardian, then disbursed the entire amount or balance of $554.18 shown by his previous report as at such time remaining in his hands, of the $1,697.21 total received, except a small balance of $22.11, accompanying his report with vouchers evidentiary of such disbursement or receipted bills and cancelled checks. With his report he further tendered his check to his ward in the amount of $22.11, reported as remaining in his hands, and asked that this, his second and final settlement as guardian be approved and that he be discharged from all further liability by reason thereof.

Thereafter, in October 1934, more than six years after the filing of these two reports of settlement in the Pike county court, Ella Coffman, by W. A. Daugherty as next friend, filed her suit against her guardian, T. C. Parker, and his surety, W. L. Morris, therein alleging certain errors made in each of the reported settlements of her estate, as particularly set out and specified in the petition, and that he had not faithfully discharged his trust as guardian by its wasteful and negligent disbursement and asked that the purported settlements be surcharged and that the defendant be required to disclose all moneys that had come into his hands as such

guardian and that he be required to make proper settlement and accounting thereof to her.

To the petition both a special and general demurrer were filed by the defendant and also an answer, denying the allegations of the petition and alleging that he had received only the amounts as stated in his two settlements as guardian for the plaintiff and had fully disbursed and paid out same for the use of plaintiff as shown by his reports of settlement made with the Pike county court, wherein he filed vouchers showing the specific items for which the disbursements were made, the price of each and that they each and all were furnished for the use of the plaintiff.

The court upon motion of each of the parties, referred the case to the master commissioner of the court for the purpose of settling the accounts of the guardian.

The master commissioner, having heard the proof upon the matters referred to him, filed his report, finding and recommending that the plaintiff should recover of the defendant the sum of $253.75 with 6% interest from January 1, 1928, as representing the various items and amounts found to have been improperly disbursed by the guardian and for which the master commissioner found he was improperly given credit in the settlement of his guardian account, but refused to surcharge the guardian's accounting by the further amount of some $400 claimed by the plaintiff to have been improperly allowed the guardian as credit upon his account, upon the ground that same represented profits realized by him as guardian upon the merchandise he as a merchant furnished his ward out of his own store and upon which the guardian testified that he had realized a profit of 25% to 33%.

Upon exceptions filed by each of the parties to the master commissioner's report, the court adjudged that the ward's exceptions to the report be sustained to the extent it denied plaintiff the right to recover, for estimated profits realized by guardian and wasteful disbursements made for articles neither needed nor used by his ward, to the extent of $571.57, with interest from January 1, 1924, or one-half of the amount claimed disbursed and for which he took credit in his first or January 1927 settlement and overruled guardian's exceptions to that part of the master's report, surcharging his

second settlement as improper by the amount of $253.75, with 6% interest from January 1, 1928, as representing improper disbursements for which he was not entitled to credit. The court stated that he so adjudged for the reason that from his inspection of the vouchers evidencing the sale of merchandise in the sum of $1,143.03 to the mother of the infant as set out in appellant's first or January report of settlement and from the kind, nature and cost of the merchandise sold, the age of the ward and the evidence of the ward and her grandparents of their having furnished her a home and support, he was led to conclude that the guardian should not be credited in excess of $571.57, or one-half of the amount of his disbursements included in his first report of settlement, and also that, in reaching such conclusion, the court had taken into consideration that the guardian had realized a profit of from 25% to 33% of the goods sold his ward as shown by his report and vouchers filed in the settlement, a self-serving circumstance, which called for the closest scrutiny of the character and amount of the account, to ascertain whether or not its apparent unnecessary quantity and cost were not a wasteful and over-indulgent disbursement of his ward's meager estate, motivated by increased profit accruing to the merchant guardian.

From this judgment the guardian, Parker, has appealed and the infant plaintiff has also prosecuted a cross-appeal.

The first question arising and urged by the appellant in attacking the propriety of this judgment is that the plaintiff's petition does not state a cause of action, for the reason that it does not allege that the plaintiff did not file exceptions to or contest either of the guardian's two settlements, made, as stated, in the county court.

He contends that this being a suit in equity to surcharge a guardian's settlement, the plaintiff can only maintain such action under the provisions of section 2038, Kentucky Statutes, where she did not contest or file exceptions to the guardian's report in the county court, as such is thereby made the condition upon which she is permitted to maintain in equity a suit to surcharge her guardian's settlement in the county court as is by the statute required and she must allege that she

did not file such exceptions thereto before the petition can be held to state a cause of action.

Appellant cites in support of such contention the case of Penick et al. v. Commonwealth, for Use and Benefit of W. A. Barnett et al., 250 Ky. 86, 61 S. W. (2d) 1098, which upon investigation we find to have presented and been decided upon this identical and exact question here arising, where the court in its opinion, in discussing and determining it, says:

"The first question arising on the appeal is, Is the petition sufficient to sustain the judgment? Section 2038, Kentucky Statutes, regulating settlements of guardian and ward, is in these words:

" 'The necessary vouchers shall accompany and remain with the guardian's accounts presented for settlement, which, when properly made, shall be prima facie evidence in his favor; but it may be surcharged and falsified by any person interested therein, who did not contest the settlement.'

"The petition contained no averment that the plaintiff did not contest the settlement as he might have done by filing exceptions to it in the county court. It will be observed that by the statute the settlement may be surcharged and falsified by any person interested therein who did not contest the settlement. * * * Under this section, in order for the plaintiff to maintain an action, it was necessary for him to aver that he did not contest the settlement, and not having done this the petition is not sufficient to support the judgment. While the rule is that where an exception or proviso is contained in another clause of the statute the plaintiff may maintain an action without alleging that he is not within the exception, the rule is also well settled that where the right is only conferred upon certain persons, the plaintiff must show that he is within the statute. See Com. v. McCormack, 177 Ky. 474, 197 S. W. 977; Doss v. Monticello Electric Company, 193 Ky. 499, 236 S. W. 1046; 49 C. J. p. 153, section 169, and cases cited."

Upon the authority of this case and for the reasons therein given, we are constrained to conclude that the petition is insufficient, in failing to aver that she did not

contest the settlement she here seeks to surcharge, and that the trial court prejudicially erred in overruling the demurrer filed to it, as failing for such reasons to state a cause of action.

Therefore, we are of the opinion that the case should be returned to the circuit court, where the plaintiff may amend her petition.

As to all other questions presented we express no opinion, but same are expressly reserved.

Judgment reversed and cause remanded for proceedings consistent herewith.