Dora SUPPLEE, Appellant,

v.

Ezekiel WEBSTER, Appellee.

Court of Appeals of Kentucky.

Jan. 30, 1959.

William G. Reed, Carrollton, for appellant.

Harlan Heilman, Carrollton, James C. Ware, Covington, for appellee.

CLAY, Commissioner.

Plaintiff, a guest in defendant's automobile, brought suit for personal injuries suffered when the automobile left the highway on a curve and turned over. The jury returned a verdict for defendant. Plaintiff appeals on the ground that the instructions were erroneous.

Defendant testified he was driving. Defendant's son, Billy, was also along. While travelling on the highway at about 50 miles an hour, no other vehicle being involved, the car ran off the road. There was evidence the parties had been drinking, which raised an issue of contributory negligence.

By leading questions defendant's counsel elicited from him the statement that the "steering wheel locked". This was the only explanation of the accident.

The first instruction detailed defendant's duties, and directed the jury to find for the plaintiff if defendant failed to exercise any of those duties, unless it believed that the cause of the accident was the defective condition of the steering mechanism. The second instruction directed the jury to find for the defendant if it believed defendant's son, Billy, was driving the automobile.

■■ It was unnecessary to detail the defendant's duties in the first instruction. This is a res ipsa loquitur case in which it is presumed that the defendant was negligent. A proper instruction in a case almost identical with this one is quoted in the opinion in Schechter v. Hann, 305 Ky. 794, 205 S.W.2d 690. The plaintiff was entitled to the benefit of that presumption in the instruction.

■ The second instruction should not have been given. The defendant admitted he was driving the automobile. (Even his son Billy so testified.) Defendant's testimony constituted a judicial admission that he was the driver. Sutherland v. Davis, 286 Ky. 743, 151 S.W.2d 1021; Bell v. Harmon, Ky., 284 S.W.2d 812, 813.

■ The only suggestion that Billy was operating the car was some incompetent hearsay testimony of a police officer who investigated the accident. (Even if Billy was driving his father's car, the defendant, who owned the vehicle and was present, would be responsible for Billy's negligence.) There was simply no issue in this case concerning who was driving, and in any event, it had no bearing on the question of liability. This instruction was misleading and may have been responsible for

the verdict. It constituted prejudicial error which justifies granting plaintiff a new trial.

The judgment is reversed for consistent proceedings.