**Milton W. KEENEY and Winfred Keeney, Appellants,**

v.

**Mary Jean SMITH, Appellee.**

Court of Appeals of Kentucky.

Jan. 31, 1975.

As Modified on Denial of Rehearing
April 25, 1975.

Harold Rogers, John G. Prather, Somerset, for appellants.

Charles C. Adams, Somerset, S. Norwood Gasque, Latta, S. C., for appellee.

VANCE, Commissioner.

This is an appeal from a judgment which awarded damages for personal injuries sustained by the appellee in a motor vehicle collision. Appellee recovered damages from Milton W. Keeney, the driver of the vehicle which collided with the vehicle in which she was a passenger. Through the application of the family purpose doctrine the appellant, Winfred Keeney, the father of Milton W. Keeney, was also adjudged liable for the damages.

At the time of the collision Milton W. Keeney was eighteen years and ten months old. He resided at home with his parents and attended Somerset Community College. He earned some money from work on his father's farm and there is evidence that he paid his college expenses but the record does not indicate that he was entirely self-supporting. The motor vehicle operated by him was a van-type truck purchased in the name of his father and the father paid the insurance premiums upon it. The truck was used primarily for the purpose of transporting horses owned by the son to various horse shows although it was also used occasionally for other purposes.

The appellant Winfred Keeney attacks the judgment upon the ground that his motion for a directed verdict and his motion for a judgment notwithstanding the verdict should have been sustained. He contends that the family purpose doctrine in Kentucky is restricted in its application to situations in which the person sought to be charged has a duty to support the person who negligently operated the motor vehicle.

We note with interest that the family purpose doctrine in the United States apparently evolved from the decision of this

court in Lashbrook v. Patten, 62 Ky. (1 Duvall) 316, 317 (1864). It was clearly enunciated in Kentucky with respect to the family car in Stowe v. Morris, 147 Ky. 386, 144 S.W. 52 (1912). The rationale of the doctrine in *Stowe*, supra, was when the owner of an automobile furnishes it for the use and enjoyment of the members of his family, the members of the family so using the automobile with the consent of the owner become his agent in carrying out his purpose.

In Bradley v. Schmidt, 223 Ky. 784, 4 S. W.2d 703 (1928), we limited the doctrine by holding that liability could not be imputed to the owner of the family vehicle unless he owed a moral or legal obligation to support the operator. We said:

> " * * * With the mentioned conditions present, it may be that the child while operating the automobile with the parent's consent is carrying out a purpose or business of a parent by discharging the undertaking of the parent to afford pleasure to those dependent upon him morally or legally. But where the parent is under no such moral or legal duty, and where the child is an adult and has assumed the station in life in which he relies upon his own abilities, the lending of a machine by the father to the son in order that the latter may take a pleasure trip of his own does not establish any relationship of principal and agent or master and servant, for in truth the adult son when so using the machine is not discharging any functions of the parent or carrying out any affair or business of the parent. * * *."

■ Although our decisions from time to time have acknowledged other rationales as a basis for the family purpose doctrine, cf. McNamara v. Prather, 277 Ky. 754, 127 S.W.2d 160 (1939); First City Bank & Trust Co. v. Doggett, Ky., 316 S.W.2d 225 (1958), we have never wavered from holding that liability cannot be imposed absent

a legal or moral obligation to support. Taylor v. Rawls, Ky., 274 S.W.2d 50 (1954); Farmer v. Stidham, Ky., 439 S. W.2d 71 (1969). No Kentucky case has been cited to us in which liability has been imposed upon the head of the household by reason of the family purpose doctrine when the automobile involved was operated by an adult child.[1]

■ KRS 2.015 reduced the age of majority in Kentucky to eighteen years. In the absence of contract there is no longer a legal obligation for a parent to support a child beyond the age of eighteen years in Kentucky. Young v. Young, Ky., 413 S. W.2d 887 (1967). KRS 405.020.

The appellee concedes there was no legal obligation of support in this case. He contends however that the father had assumed a moral obligation to continue support for the son.

In all of our cases dealing with the family purpose doctrine, we have found no case, and none has been cited, in which liability rested upon a moral obligation to support or in which the term moral obligation was analyzed or discussed. No standards have ever been established for determining what constitutes a moral obligation to support, and in our view the term is so vague and indefinite as to defy any precise application to the family purpose doctrine.

Many states have rejected the family purpose doctrine altogether. See Annotation, Automobiles, Family Purpose Doctrine, 8 A.L.R.3rd 1191 at 1221. It has been criticized by leading writers as an ingenious but "unblushing fiction." Prosser, Torts, Section 73.

To permit the imposition of liability upon the basis of so ill-defined a concept as a moral, as distinguished from a legal, duty to support would greatly expand the application of this doctrine into areas in which it has never before applied. The dictum in some of our earlier decisions which indicated, without holding, that lia-

---

1. Liability in Wireman v. Salyer, Ky., 336 S.W.2d 349, was based upon a finding of actual agency rather than upon the Family Purpose Doctrine.

bility could be predicated upon a moral obligation to support is hereby overruled.

 Since the appellant Winfred Keeney was under no legal duty to support his son Milton Keeney, the negligence of the son in the operation of the motor vehicle in this case cannot be imputed to the father under the family purpose doctrine. The appellant Winfred Keeney was entitled to a directed verdict and his motion for judgment notwithstanding the verdict should have been sustained.

We have examined the arguments advanced by the appellant Milton Keeney but find no error prejudicial to him.

The judgment against Milton W. Keeney is affirmed. The judgment against Winfred Keeney is reversed with direction that a new judgment be entered dismissing the action as to him.

All concur.

