### SAMUEL BUNT'S ADM'R v. R. H. CHILTEN.

**Motion for New Trial.**

> Before one can bring before the court of appeals for revision the rulings of the trial court upon questions of law arising during the trial, he must bring such rulings to the attention of the trial court by his written grounds for a new trial, and thus give the trial court an opportunity to correct, and where such alleged errors are not made grounds in the motion for a new trial, they cannot be considered by this court.

**Assignment of Errors.**

> Although an alleged error was made a ground for a new trial, it will not be considered in the court of appeals unless it be also assigned as error.

**Statement of Grounds for New Trial.**

> When a ground for a new trial is stated in the motion as "irregularity in the proceedings of the court, and in the prevailing party, by which the plaintiff was prevented from having a fair trial," it is too general to be a compliance with the rule, and should be denied.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

December 2, 1879.

OPINION BY JUDGE COFER:

In order to bring before this court for revision the rulings of the court below upon any question of law arising in the progress of a jury trial, it is necessary that such ruling should be brought to the attention of that court by the written grounds for a new trial. In the progress of such a trial the court may not have an opportunity to fully consider every question of law it is called upon to decide, and the object of the rule requiring grounds for a new trial to be specified is to enable the court to re-examine its rulings which are complained of, and to correct its own errors, if satisfied that error has been committed. And it has long been the well settled rule in this court to refuse to examine into alleged errors in rulings during the progress of the trial unless they are specified in the grounds for a new trial.

This rule has not been changed or modified to any extent by the statute requiring the errors complained of to be assigned in this court, and hence it is the settled rule that although an alleged error was made a ground for a new trial, it will not be considered here unless it be also assigned as error.

The first ground for a new trial in this case is "irregularity in the proceedings of the court and in the prevailing party, by which the plaintiff was prevented from having a fair trial." This is obviously too general to answer the end of the rule requiring the grounds for a new trial to be stated. The particular proceeding of the court or party complained of as preventing the plaintiff from having a fair trial should have been stated, that the court might know what was complained of, and that the adverse party, if his conduct is complained of, might be prepared to repel the charge of irregularity made against him.

The second ground is "misconduct of the jury and attorney for the defendant," etc., stating the conduct of the attorney, which is complained of; but no facts are stated showing misconduct of the jury, and no misconduct on their part is shown.

The third ground is "that the verdict is not sustained by the evidence and is contrary to law," which is sufficient.

The fourth is newly discovered evidence material for the plaintiff, which he could not by reasonable diligence have discovered and produced at the trial. This, though not specifying the evidence claimed to be newly discovered, was sufficient, being supported by affidavits showing who the witnesses were and what they would prove. The fifth is, accident and surprise which ordinary prudence could not have guarded againt, and the sixth, error of law occurring at the trial and excepted to at the time. For the reasons assigned in respect to the first ground these are also insufficient.

The seventh is that "the court erred in permitting the affidavit of the defendant to be read as a deposition, because the same is illegal and incompetent." This is sufficient.

It thus appears that the only grounds upon which the court below would have been authorized to grant a new trial are, (1) for misconduct of the defendant's counsel; (2) that the verdict was not sustained by the evidence and was contrary to law; (3) for newly discovered evidence if it was of such a character as to authorize the granting of a new trial, and (4) that the court erred in permitting the defendant's affidavit to be read as a deposition, "because the same was illegal and incompetent."

Turning to the assignment of errors we find they are as follows: 1. In permitting the affidavit of the defendant, Chilten, filed on his motion for a continuance, to be read as evidence, the same being illegal and incompetent; 2. In giving instructions marked 1 and 2;

3. In refusing instructions marked A and B; 4. In refusing to grant a new trial "because defendant's counsel made certain statements to the jury, the same as set forth in the grounds for a new trial.

It will thus be observed that only two of the grounds for a new trial are embraced by the assignments of errors, viz.: (1) error in permitting the defendant's affidavit to be read as a deposition, and (2) in not granting a new trial on account of the alleged improper statements of the defendant's counsel to the jury.

These are, therefore, the only questions this court can consider on this appeal.

We do not understand counsel to contend that the statements in the affidavit were of themselves illegal or incompetent.

One of the counsel filed his affidavit on the motion for a new trial, in which he stated that the person, in lieu of whose deposition the affidavit was read, was dead at the time the trial took place, and that the fact that he was dead was unknown to counsel, and that the plaintiff was not present at the trial; and that if counsel had known that the person was dead they would not have consented to allow the defendant's affidavit as to what the witness would testify to be read as his deposition. He does not say the defendant knew he was dead, and even if the grounds for a new trial were sufficient to raise the question there would be no grounds for holding the defendant guilty of misconduct in procuring the affidavit to be read. That the witness may have been dead did not render the statements contained in the affidavit either illegal or incompetent.

Counsel differ somewhat in their statements as to what the defendant's counsel stated to the jury, and the latter states, and is not contradicted in it, that counsel for the appellant called his attention to the statements he was making, and that he then apologized for having gone out of the record and told the jury the matters referred to were not before them. The court makes no statement in the bill of exceptions as to what occurred, and as the motion for a new trial was overruled we do not feel warranted in reversing on that point alone.

Wherefore the judgment is *affirmed.*

*Alexander, Baker & Reid, for appellant.*

*Lane & Harrison, for appellee.*