## Bong, et al. v. Webster.

(Decided January 25, 1927.)

### Appeal from Campbell Circuit Court.

1. Parent and Child—In Case of Infant Son's Injury, Father Only Can Sue for Diminution of Son's Earning Power up to Age of 21;. Right Being in Son Thereafter.—Father only can sue for loss of time and diminution of earning power of infant son up to age of 21, after which time son alone can sue for, and recover, damages for such diminution.

2. Infants—Parent and Child—Minor May Sue for Permanent Loss of Earning Power After Age of 21, and Father for Such Loss Before that Age.—Where child suffers permanent loss of earning power, he may sue for such loss from and after age of 21, and father may prosecute action for permanent loss of earning power before such time.

3. Parent and Child—Where Infant Sues for Loss of Earning Power, Father, Knowing of Action, Waives Right to Damages and Son May Recover Entire Amount.—If infant institutes action for loss of time and earning capacity, father, knowing of action, waives his right against defendant, so that infant son may recover for all

of damages sustained by him, and father is barred from such action.

4. Infants—In Action by Father as Next Friend, for Injuries to Infant by Truck, Infant Held Entitled to Recover Damages Accruing to Both Father and Self.—Father, acting as next friend to infant injured by truck in bringing suit for diminution of earning power of infant, held charged with such knowledge of nature and purpose of action that he waived his right of action against defendant for loss of services of son before he was 21; son being permitted to recover all damages to which he and his father would be entitled, if two separate actions had been prosecuted by them.

5. Damages—In Infant's Action by Next Friend for Injuries by Truck, Submission of Right to Recover Medical Expenses Held Not Error. —In action brought by father as next friend for injuries to infant run over by truck, submitting right to recover for hospital bills and for medical attention held not error, father having waived such right, and infant being entitled to recover amount due both father and infant.

6. Appeal and Error—Error Cannot be Predicated on Refusal to Strike Averment as to Element of Damages which Court Did Not Submit to Jury.—Appellant cannot urge error in refusing to strike from petition averments concerning infant's loss by injury of earning power, where court did not submit such element of damage.

7. Highways—Truck Driver Injuring Child Held Required to Reasonably Control Truck and to Give Warning while Approaching Smoke (Ky. Stats., Section 2739g-47).—In action for injuries to infant upon highway struck by truck while concealed by cloud of smoke, truck driver held required to have reasonable control of truck and to give warning while approaching smoke, Ky. Stats., section 2739g-47, containing such requirements being applicable to case.

8. Damages—In Action for Injuries to Infant, Instruction Concerning Damages Referring to Instructions Based on Evidence Held to Limit Recovery to Damages Under Evidence.—In action for personal injuries to infant run over by truck, where certain instructions given were based upon evidence of case and instruction concerning damages referred to such other instructions, damage instruction held to limit recovery to damages proved in evidence.

9. Damages—Instruction Concerning Measure of Damages Should Limit Recovery to Damages Shown by Evidence.—Instruction prescribing measure of damages should limit jury to damages shown by evidence.

10. Highways—Negligence of Driver of Truck, in Injuring Child where Smoke Obscured View, Held for Jury.—In action for personal injuries to infant on highway, struck by truck while concealed in smoke, refusal of peremptory instruction held not error, there being evidence showing that injury occurred through failure of truck owner and his driver in charge of truck to stop when smoke

engulfed it and made it impossible for driver to see road or boys playing on it.

WILLIAM F. CLARK for appellant.

A. C. HALL for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This action for damages was instituted in the Campbell circuit court by Andrew F. Webster, a boy eleven years of age, by his father as next friend, against John H. Bong, doing business as the Newport House Wrecking Company, to recover for an injury to his person inflicted by a truck of appellant which ran over him. Appellee, Webster, and some other boys about his age, were playing along a public highway and on an overhead bridge, under which railroad trains passed. The smoke from the trains which came through the floor of the bridge was dense, and entirely concealed the boys. Appellant, Bong, and his truck driver in charge of the truck came on to the bridge in time to see appellee and another boy wrestling near the railing of the bridge. At that time the truck was some distance from the boy and traveling at a moderate rate. Immediately the smoke from the train which passed under the bridge obscured the truck and the boys so that it was impossible for appellant, Bong, to see his driver, who sat next to him in the truck, and it was impossible for appellee and the other boys to see the truck. Although unable to see the roadway appellant and his driver failed to stop the truck, but continued to cross the bridge in the darkness caused by the smoke, and while thus driving ran against, struck and injured appellee, Webster, and this is the wrong for which he seeks to recover damages. A jury awarded him $660.00 and Bong appeals.

As grounds for a reversal of the judgment appellant, Bong, asserts that the court erred in failing to sustain his motion to strike from the petition the averment concerning the loss of earning power of the infant, the averment concerning the hospital and nursing expenses and doctor's bills, because the parent, and not the child, was entitled to recover for his loss of earning power until he arrived at the age of twenty-one (21) years, and the parent was under the duty and obligation of paying his

hospital and doctor's bills. As a general rule the father can only sue for the loss of time and diminution of the earning power of an infant son because the parent is entitled to the services of the son until he arrives at the age of twenty-one (21) years. After that time, if his impairment of earning power continues, the son alone can sue for and recover damages on this ground. Of course, the action may be instituted and prosecuted by the infant for permanent loss of earning power from and after he arrives at the age of twenty-one (21) years. The two actions should be prosecuted, one by the father in his own right and the other by the son by his guardian or next friend. L. H. & St. L. R. R. Co. v. Lyons, 156 Ky. 222; Trent v. N. & W. Ry. Co., 167 Ky. 319. If, however, the infant institutes an action for the loss of time and of earning capacity and the father knows of the action and its purposes, as in this case, where he is acting as next friend to his infant son in the prosecution of the case, he waives his right of action against the defendant for the loss of time by the infant son, and the infant son may have a recovery for all of the damages thus sustained by him, and the father is barred of such an action. Where the father acts as next friend to the infant, he is charged with knowledge of the nature and purpose of the action and he waives his right of action against the defendant for loss of services of the son and the son may recover all damages to which he and his father would be entitled if two separate actions had been instituted and prosecuted, one by the father and the other by the son. The court in instructing the jury did not, however, submit the question of permanent reduction of power of the son to earn money, but did submit to the jury the right of appellee, Webster, to recover for hospital bills and for medical attention. This was not error when the rule above stated is applied to the facts of this case.

(2) Appellant also complains of instruction No. 1, given by the court to the jury, because it directed the jury to find for the plaintiff, now appellee, if the driver of the truck failed to have it under reasonable control and to operate the truck in a reasonably careful manner and at a reasonable rate of speed, with due regard for the safety and convenience of pedestrians and vehicles and other traffic upon the highway, and failed to give timely warning of the approach of the truck by signaling with a bell, horn or other device at any point on the highway

when the driver of the truck could not see the road on which he was driving in front of him for a distance of 150 feet. He especially objects to that part of the instruction which is based upon section 2739g-47, Kentucky Statutes, which says that "every operator of an automobile or bicycle, when approaching a curve or an obstruction to the view on a public highway which prevents a clear view for a distance ahead of 150 feet, shall hold said automobile or bicycle under control and shall give warning by horn or other sounding devices of his approach." He insists that this statute has no application to the facts of the case before us, but when you read the statute, "every operator of an automobile when approaching an obstruction to the view on a public highway which prevents a clear view for a distance ahead of 150 feet, shall hold his automobile under control," you at once see the applicability of the statute to a situation where smoke from trains passing under a highway bridge makes it impossible for the driver of a motor vehicle to see the road with travelers thereon, and is thus rendered unable to protect pedestrians and others lawfully upon the highway from injury from the moving truck.

The law applicable to the facts of this case is very similar in some respects to that applied in the case of Barnes Bros. v. Eakin, 190 Ky. 392, where the collision between two motor cars resulted in a cloud of dust so thick as to render it impossible for the drivers to see or know of the presence of another vehicle upon the highway immediately in the path of one being driven. There we said: "In such condition it was the imperative duty to sound a warning signal and to have his car under complete control, because that was a highway where the public had a right to be and travel in vehicles or on foot. Under such circumstances, all well known to the driver, he should have sounded a signal indicating his presence and at the same time brought his truck to a stop until the dust so cleared as to enable him to see the road and to know of the approach of other vehicles." The instant case was practiced under the rule laid down in that case.

Defendant also complains that instruction upon the measure of damages is erroneous in that it "does not limit the jury to damages shown by the evidence." In support of this contention he quotes from the opinion in the case of Louisville & Nashville R. Co. v. Ashley, 160 Ky. 330, wherein it was said: "Instruction prescribing

the measure of damages should limit the jury to damages shown by the evidence.'' Recognizing the correctness of this statement we yet fail to find any substantial objection to instruction No. 4. The jury was directed to find a verdict for the plaintiff if it believed from the evidence that the driver of the truck failed to exercise ordinary care with respect to several things connected with the operation of the truck, and it was further told that it must find for the defendant, Bong, if it believed from the evidence that the infant failed to exercise that degree of care for his own safety usually exercised by boys of his age, intelligence, experience and discretion, and that by reason of such failure, if any, he helped to cause or bring about the injuries of which he complains. Each of these instructions was made to depend upon the evidence, and the fourth instruction—the measure of damages— was based wholly upon the two foregoing instructions, which were based upon the evidence. Therefore, instruction No. 4 limited the recovery to the damage proven in evidence.

There is no merit in appellant's contention that the trial court should have given a peremptory instruction in his favor at the conclusion of appellee's evidence, or at any other time. The appellee and his witnesses testified to facts showing that the injury occurred through the failure of appellant and his driver in charge of the truck to stop the truck when the smoke engulfed it and made it impossible for the driver to see the road or to see the boys playing upon the road along which he was about to pass. Clearly the facts would not have warranted a peremptory instruction. No error appearing to the prejudice of the substantial rights of appellant, the judgment is affirmed.

Judgment affirmed.