## Wallace v. Hall et al.

(Decided October 28, 1930.)

VERT C. FRASER for appellant.

GORDON, GORDON & MOORE for appellees.

OPINION OF THE COURT BY COMMISSIONER STANLEY— Reversing.

The appellant, B. C. Wallace, filed his petition against Henry Hall and D. C. Hall, son and father respectively, alleging he had been struck and injured by reason of the negligent operation of the father's automobile by the son; the allegations bringing the case within the family purpose doctrine. An answer was duly filed controverting the allegations of the petition. Thereafter in July, 1929, an amended petition was filed making

as a party defendant to the suit Elizabeth R. Hall, the wife of D. C. Hall and mother of Henry Hall. It was alleged that she and her husband jointly owned and maintained the automobile for the entertainment and pleasure of their family. It was also alleged that she alone owned and maintained the automobile for that purpose. The paragraph pleading joint ownership was on motion stricken. The plaintiff then dismissed his petition as against the father and son. The mother filed a general demurrer, and, disclaiming its waiver, also filed an answer traversing all of the allegations of the petition as amended.

A trial was entered upon and the record shows the court that at the conclusion of the evidence introduced by the plaintiff the defendant moved for a peremptory instruction. Whereupon, over the objection of the defendant, the court, sua sponte, withdrew the case from the consideration of the jury and sustained the demurrer to the petition which, upon its filing, had been taken under advisement. The plaintiff elected to stand upon the petition as amended and refused to plead further; whereupon it was dismissed, and he prosecutes this appeal.

At the same term of court a transcript of the evidence was filed, approved by the judge, and by order made a part of the record. The appellant brings before this court a transcript of the pleadings and orders, and the appellee has filed the bill of evidence and asks that it be considered in connection with the other part of the record. A motion has been made by the appellant to strike the bill of evidence from the record, but it does not become necessary to pass upon it.

Some acrimonious statements are made in the briefs as to what occurred before the trial court in chambers after the making of the motion for a peremptory instruction and before he reached the conclusion to sustain the demurrer. These will be ignored, for the case must, of course, be tried on the record before us, which is as above outlined.

It very reasonably appears that the ground upon which the demurrer was sustained is that a wife and mother may not be held accountable under the family purpose doctrine. That proposition constitutes the principal argument made in the briefs. It may be said that this case was tried and the briefs on appeal prepared before

the rendition of the opinion in Steele v. Age's Adm'x, 233 Ky. 714, 26 S. W. (2d) 563, in which the very point was involved. It was therein held upon reason and authority that the family purpose doctrine is just as applicable where the mother though married owns the car and maintains it for the general use, pleasure, and convenience of members of her family as it is when the father owns the machine. That case effectually disposes of the question on this appeal.

It is however, submitted by the appellees that the plaintiff having introduced all his evidence and the motion for a directed verdict having been entered, we should treat the action of the trial court as sustaining the motion, and that an examination of the bill of evidence will show that such a ruling was proper, and hence the judgment should be affirmed. We are cited to no authority in support of the novel contention. Again, it is to be said that the trial on appeal must be on the record, and that record shows that the judgment appealed from is one dismissing the petition after the court had ruled that no cause of action was stated in it.

The judgment is reversed and cause remanded for consistent proceedings.