## Challinor v. Axton et al.

(Decided Nov. 18. 1932.)

CHARLES W. MORRIS and FRANK A. GARLOVE for appellant.
O'NEAL & O'NEAL for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On October 4, 1930, the appellant and plaintiff below, Adele Challinor, owned an automobile, and on that day she and her husband and their children resided on the north side of the River Road in Jefferson county, located some ten miles east from the city of Louisville. They were returning from the city to their home, the automobile being driven by appellant's husband, she occupying the front seat with him. After they turned to the left in crossing the road to enter their premises, an automobile belonging to the defendant Woodford F. Axton, which was being driven by his codefendant, Wardell Mason, collided with the left side of plaintiff's automobile near its rear and damaged it and also bruised, injured, and shocked plaintiff; but no bones were broken and her injuries do not appear to be serious. She later filed this ordinary action in the Jefferson circuit court against the two defendants, setting out the fact of the collision, and alleging that it was produced by the negligence of Mason in operating the colliding car, and she sought a judgment against them for the amount of her damages which she laid at $5,350.

The answer denied the negligence charged in the petition, and in a second paragraph pleaded contributory negligence of plaintiff and her husband as the driver of her car. Following pleadings made the issues and upon trial, the jury under the instructions submitted to it by the court returned a verdict in favor of defendants, followed by a judgment dismissing plaintiff's petition. Her motion for a new trial was overruled, and she prosecutes this appeal.

The first three grounds contained in the motion for a new trial are thus phrased: "1. Because of irregularities in proceedings of the Court, by which this plaintiff was prevented from having a fair trial. 2. Because the verdict of the jury is not sustained by sufficient evidence and is contrary to law. 3. Because of errors of law occurring at the time thereof." The remaining two complain of the instructions given by the court and refusing those offered by plaintiff. Those five grounds constitute the entire objections to the trial made in plaintiff's motion for a new one.

It will be perceived that all of grounds 1 and 3, and that part of 2 which complained of the verdict as being "contrary to law," are couched in general terms with no specification of any concrete or particular error, and under an unbroken line of our opinions are insufficient to authorize us or the court below to consider or to disturb the verdict for any alleged error, though valid, that may be argued as embraced in such general language. In the case of Bunt's Adm'r v. Chilten, 10 Ky. Op. 404, this court had under consideration the sufficiency of a motion for a new trial complaining of "irregularity in the proceedings of the court and in the prevailing party, by which the plaintiff was prevented from having a fair trial," and it was held that the language was too general and that no specific ground not elsewhere set out in the motion could be considered by the court.

In the case of L. & N. R. Co. v. McCoy, 81 Ky. 403, 5 Ky. Law Rep. 397, one of the grounds relied on in the motion for a new trial was "error of law occurring at the trial." The court held it insufficient because stated in terms too general, and that the particular and specific error relied on must be pointed out with reasonable certainty. In the case of C. & N. R. Co. v. Harlan, 12 Ky. Law Rep. 506, the complaints in the motion for a new trial were "that the verdict was contrary to law," and "errors of law occurring at the trial," and we held them insufficient because not sufficiently specific. To the same effect are the cases of Williams & Co. v. Case Plow Works, 13 Ky. Law Rep. 140; Home Insurance Company v. Brownlee, 13 Ky. Law Rep. 173; Dietz v. Barnard (Ky.) 107 S. W. 766, 32 Ky. Law Rep. 1130; American Credit Indemnity Co. of New York v. National Clothing Company (Ky) 122 S. W. 840 (not elsewhere reported); and Downs & Bro. v. Firemen's Insurance Company of Newark, N. J. 206 Ky. 316, 267 S. W. 153. See, also, a great number of others on pages 773 to and including 776 of Edelen's Pleading and Practice, and also cases cited under key number 302, page 459, of volume II, West's Kentucky Digest.

We have cited a number of earlier cases upon the question under consideration to show the undeviating course of this court in its construction of the provisions of section 340 of the Civil Code of Practice containing

the grounds for which a new trial may be granted and the application of them in the practice, since every case following the rendition of those cited has adhered to the rulings therein made without the slightest departure. Therefore, none of the grounds argued in brief of counsel for plaintiff, outside of those embraced in grounds 4 and 5 and the insufficiency of the evidence to support the verdict, as contained in ground 2, can be considered by us, since they are not properly presented by the motion and grounds for a new trial. We will, therefore, direct the discussion to (a), the alleged error of insufficiency of the evidence to support the verdict, and (b) error in giving and refusing instructions.

(a) Plaintiff was the only eyewitness who testified in her behalf. She made out a case that would authorize a finding of negligence on the part of the defendant Mason, in operating his automobile as it approached hers and in attempting to pass it. She likewise stated that her husband extended his left arm so as to indicate his intention and purpose to turn to the left in order to enter upon the premises of their joint home. One or two of her neighbors who did not witness the collision, but who heard the crash, testified that they heard the "roar" of defendant's automobile some thousand feet or more beyond the point of collision, and one of them (over the objections of defendant) testified that she judged from the noise of the roar that it was traveling some 50 or 60 miles per hour: but, clearly, that evidence was incompetent for two reasons: First, because of the distance from the scene, and, second, the inherent impossibility of the accuracy of the conclusion of the witness from the premise on which it was based. But, however that may be, the testimony for plaintiff bearing upon the manner of the happening of the accident was practically confined to that which we have stated; while the defendant Mason, his wife, and his adult sister-in-law, both of whom were in the automobile at the time, testified that plaintiff's husband just before her automobile was overtaken turned to the right from the portion of the road he was occupying while traveling as if to permit the approaching automobile to pass, and which Mason, as its driver attempted to do, and that just as he turned to the left for that purpose the husband of plaintiff turned her car suddenly across the road without extending his arm or

otherwise indicating his intention to do so, and which rendered the collision inevitable.

Furthermore, all witnesses for defendants testified that they were traveling not exceeding 35 miles per hour, and that testimony is not contradicted by any other in the case save the incompetent conclusion of plaintiff's witness above referred to. We believe that we have substantially outlined the material testimony bearing upon the immediate events attending the collision and from which it clearly appears that ground (a) is without merit. On the contrary, the evidence as borne out by the record preponderates in favor of the verdict as returned by the jury, and we can see no room or basis for the contention that the verdict is not sustained by sufficient evidence and is contrary thereto.

(b) The territory where the accident occurred was "outside of a closely built up business section of any city or town, or the residence portion of any city or town," and also "on a straightaway, unobstructed highway," and was thereby one clearly within subsection (3) of section 2739g-51 of our present Statutes, relating to the speed of automobiles at such places and in such conditions. It enacts that at such places and under those conditions a speed of exceeding 40 miles per hour "shall be prima facie evidence of unreasonable and improper driving." The court in the instruction it submitted to the jury (No. 1 and criticized by counsel) enumerated the duties of defendant Mason in the operation of his car as it approached and attempted to pass the one in which the plaintiff was riding, one of which was not to drive his car "exceeding 40 miles per hour," and then stated, in substance, that if he violated any such enumerated duties (including that of limitation of speed to 40 miles per hour) and by reason thereof the collision occurred, the law was for plaintiff and the jury should so find.

It is complained under this ground that the court should have followed the instruction outlined in the recent case of Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478, so as in some manner to indicate to the jury the statutory effect of a speed in excess of 40 miles per hour, i. e., that such excessive speed would be prima facie

evidence of unreasonable driving. The instruction outlined in that case was not mandatorily directed to be given in the case referred to in all cases, nor did the instruction therein copied make any reference to "prima facie evidence of unreasonable and improper driving." or as to any shifting of the burden of proof as a result of it. On the contrary, the outlined instruction in that case was suggested by the court as being as near a model one to carry out the intention and purpose of the statute as could, perhaps, possibly be framed. A number of recent domestic cases cited in the Utility Appliance Company opinion contained instructions almost in exact phraseology of the one criticized in this case, and which were approved by this court, although in some of them the judgments were reversed, but for other errors. The case of Roselle v. Bingham, 242 Ky. 496, 46 S. W. (2d) 784, decided since the Utility Appliance Company Case, is to the same effect in so far as the proper submission of the statutory speed limit and the effect of exceeding it, is concerned.

But, independently of any former interpretations or rulings on the point by this court as contained in the cited opinions, plaintiff in this case did not ask for an instruction strictly conforming to his interpretation of the instruction given in the Utility Appliance Company Case. On the contrary, her counsel offered instruction (B) couched in substantially the same language as instruction 1 given by the court and of which complaint is made under this ground, except the speed limit stated in the offered instruction (B) was 25 miles per hour, and which was upon the theory that the place where the accident occurred was one authorizing that limitation under the statute. But that contention (as to speed limit) seems to have been abandoned, since it is not insisted on in this court, and by reason of which we assume that plaintiff's counsel concede that the speed limit at the place of the accident was as contained in subsection (3) supra, 40 miles per hour, and if beyond that the prima facie effect as given by the statute would attach. That being true, counsel may not complain of an instruction relating to the effect of the excess speed of defendant's automobile above that specified in the statute (40 miles per hour in this case). However, the enacted requirement as submitted in the instruction complained of, as well as in the one offered

by plaintiff's counsel, was in reality more favorable to his client than was authorized by the statute. As framed, it told the jury, in substance, that if defendant was traveling at the time of the collision, or just immediately preceding it, at a speed of more than 40 miles per hour, he was guilty of negligence, and which peremptory effect of the instruction goes beyond any interpretation of the statute that this court has approved.

Complaint is also made under this ground that the court by its instructions imputed the negligence, if any, of plaintiff's husband who was driving her car, to herself and thereby made his contributory negligence a defense to her action. However, the instruction offered by plaintiff on contributory negligence (C) did the same thing, and the one given by the court on that point followed the one offered by plaintiff's counsel, and for which reason, as above pointed out, the error of the court, if one, may not be taken advantage of by plaintiff on this appeal. But we do not regard the instructions as erroneous. The automobile in which plaintiff was riding was owned by herself, and which fact is so stipulated in the record. It was being driven by her husband with her consent and acquiescence on a mission as much for the benefit of herself as it was for him or any member of the family; and, independently of any "family purpose" doctrine, we have no hesitancy in concluding under such facts that plaintiff was and is responsible for the negligence of her husband as driver of her automobile. See Kennedy v. Wolf, 221 Ky. 111, 298 S. W. 188; Steele v. Age's Adm'x, 233 Ky. 714, 26 S. W. (2d) 563; and Wallace v. Hall, 235 Ky. 749, 32 S. W. (2d) 324.

Plaintiff's counsel cite some foreign cases which appear to sustain his position upon the fantastic theory that, for the time being and under the cricumstances similar to those in this case, the husband is the bailee of his wife's automobile, and for which reason she should not be responsible for his negligence. But the reasoning employed in those cases is not convincing, and it is not in accord with fundamental principles of the law and logical conclusions to be drawn therefrom. There is no more reason for holding that the husband in such circumstances is the bailee of the automobile, and the owner, his wife the bailor, than to so conclude when a

stranger is driving the car of the owner in company with and by the consent and acquiescence of the owner. Clearly, in such a case the owner (which is the wife in this case) by her consent and acquiescence selected her husband as a suitable person to, not only operate her car for her own purpose, but also to guard and protect her personal safety while traveling in her car with him as driver, and since the negligence of a stranger as her agreed chauffeur would be imputed to her, we conclude that the same principles should apply when her selected chauffeur is her husband.

Defendants moved the court at the close of plaintiff's testimony (which included that of defendant Mason, since she introduced him) to instruct the jury to find for them, but which was overruled with exceptions. The testimony as developed by plaintiff, and corroborated by that introduced by defendants, clearly showed that Mason was operating the car that produced the collision exclusively in prosecution of his own business and personal affairs. He was the superintendent of a farm belonging to defendant Axton, who owned the car, and it was kept mostly on the farm of which Mason was superintendent. Of course, under familiar principles of the law, if Mason had been using the car at the time in the prosecution of the business of Axton, the latter would be liable for his negligence, if any, under the doctrine of respondeat superior. But the Roselle Case, supra, and others hereinbefore cited, exonerate the owner of the vehicle under such circumstances when it is being operated by his employee exclusively on the business of the latter. We therefore conclude that the motion for the peremptory instruction should have been sustained as to the defendant Axton; but, since the jury returned a verdict in his favor, this error does not become material.

Perceiving no error substantially prejudicial to plaintiff's material rights, the judgment is affirmed.