## Comer v. Yancey et al.

(Decided Nov. 28, 1933.)

J. M. COLLINS and J. P. McCARTNEY for appellant.

B. S. GRANNIS for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appellant, Mrs. Lucille Comer, brought suit for personal injuries against the appellees Hugh Yancey, Sr., and his son, Hugh Yancey, Jr. The former was

the owner of an automobile driven by his minor son which collided with her machine. Yancey, Sr., brought suit also against the appellant for damages to his car. The cases were consolidated, and upon a joint trial the jury found, as reported in its verdict, that neither party was wholly to blame and that each had contributed to causing the accident and no damages was awarded to either of them. Only Mrs. Comer has appealed.

The highway runs north and south through the town of Washington. At the north end the road turns at an angle of about 45 degrees to the east. Within the curve the ground is much higher and is retained by a stone wall, so that one driving north on the east side of the road is able to see only a short distance ahead of him. One driving south on the outside of the curve can see down the road a long way. Just at the tangent on the north there is an entrance on the east side into a cemetery.

On Sunday afternoon, June 7, 1931, Mrs. Comer, with some friends in her machine, came out of the cemetery, and, according to the evidence sustaining her cause, she stopped before proceeding onto the highway, looked in both directions, blew the horn, and, hearing and seeing nothing to hinder her, then crossed over in low gear. She had turned her machine toward the south straight with the margin of the road and was moving slowly on the extreme west side, when suddenly the car driven by Yancey came around the blind curve at a rapid speed. In its wide sweep in making the curve or by skidding, it struck the side of Mrs. Comer's machine with great force, damaging it and injuring Mrs. Comer and the other occupants.

On the other side, the evidence for the appellee was that the machine driven by Yancey, who had two young companions on the front seat with him, passed through the town at a speed of thirty-five to forty-five miles an hour until just before the curve was reached, when it was reduced to about twenty-five miles an hour; that as he passed around the curve the Comer car suddenly appeared before him in the center of the road and diagonally across it; that he swerved to the right onto the cemetery driveway in order to avoid that machine, and his car skidded on the wet road and struck it broadsides.

Instruction No. 1 defined the duties of Mrs. Comer

under the circumstances of her approach and entrance upon the highway, and advised the jury of its right and duty if it should believe any of those duties were violated and proximately caused the damage to the Yancey car. Instruction No. 2 defined the duties of the driver of the Yancey automobile to have been:

"To anticipate the use of the State Highway, in question, by other persons and cars, to keep to the right side of the road, to keep a lookout ahead and to have his car under reasonable control and to drive at a rate of speed not in excess of what would be reasonably safe at a place and under the conditions then and there existing upon said highway, and to use ordinary care to avoid colliding with others on said highway."

It will be observed that there is omitted from this instruction the duties of Yancey as he approached the curve, or an obstruction in the highway which prevented a clear view for a distance of one hundred fifty feet, to hold the machine under control and to give warning by horn or other sound device of its approach, which duties are prescribed by section 2739g-47, Kentucky Statutes. It also omitted the duty prescribed by section 2739g-51, Kentucky Statutes, not to drive at a speed exceeding twenty miles an hour through the residence portion of a town or around any sharp curve, or rather to indicate to the jury that a speed in excess of twenty miles an hour under the circumstances is prima facie evidence of unreasonable and improper driving. The appellant offered an instruction upon this point which was rejected. Though that instruction does not appear to be in correct form, because it omits the idea that a violation of the duties outlined must have been the proximate cause of the damage, it was sufficient to require the court to give a correct instruction upon the point. Changing the substance to suit the local conditions, an instruction similar in form to that indicated in Utilities Appliance Company v. Toon's Administrator, 241 Ky. 823, 45 S. W. (2d) 478, 479, or Challinor v. Axton, 246 Ky. 76, 54 S. W. (2d) 600, and other cases along that line should be given. Bong v. Webster, 217 Ky. 781, 290 S. W. 662, 663; Trevilian v. Boswell, 241 Ky. 237, 43 S. W. (2d) 715; Berryman v. Worthington, 240 Ky. 756, 43 S. W. (2d) 5.

Among the instructions given was this:

464

"If the jury believe from the evidence that on the occasion of the accident in controversy both Hugh Yancey, Jr., driver of plaintiff's car, and Lucille Comer, driver of her own car, were guilty of negligence within the meaning of these instructions and that the collision and consequent injuries resulted from such negligence of both, operating concurrently, then the jury will not award damages to either plaintiff or defendant and will so state in their verdict."

Appellant calls this an instruction on unavoidable accident and submits that it had no place in the case, as the accident may not be classed as an unavoidable one. We are not able to agree with counsel regarding the instruction as being of that nature. It seems to us to submit in good form the issue of contributory negligence on the part of both of the parties in their relation as plaintiffs, respectively, upon a joint trial of the two suits.

For the reasons given, the judgment is reversed.