# Wilford v. Cooper.

(Decided Nov. 6, 1936.)

W. F. McMURRY, Jr., and MALCOLM P. WALLACE for appellant.

ADRIAN H. TERRELL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

Mrs. J. Lee Wilford sued Patrick Cooper, a taxi operator, for personal injuries, was unsuccessful, and has appealed.

On September 21, 1934, Mrs. Wilford had engaged passage in Mr. Cooper's taxi, paid her fare, and was on her way to Detroit.

At about 10:30 p. m. this taxi was on United States highway 31 traversing the Kelly avenue bridge over the Wabash river just south of Peru, Ind., and was going to-

wards that city. It was quite dark, raining steadily, and the bridge floor was slippery.

On this bridge Cooper's taxi met a southbound automobile and had got by it without trouble when his taxi was overtaken and run into from the rear by a Ford roadster occupied by Lester C. Smith and Everett Reuter. They were traveling north in the same direction as the taxi, were returning from a dance at the Country Club, and Smith was driving. The lights of the southbound automobile blinded the drivers of these northbound machines, so that neither knew anything of the presence of the other. Cooper reduced his speed, some say he slowed down suddenly, but all agree the taxi was still moving, having reduced his speed from about 45 to about 30 miles per hour. Smith in the machine to the rear of the taxi was also blinded by the lights of this southbound car, but he bulged ahead just the same and just as he got by it and could see again, there was the taxi right in front of him on the right side of the bridge and moving much slower than he was, and before Smith could reduce his speed or turn to the left and pass the taxi he crashed into the left rear end of it with such force as to wreck both cars and to so pin and jam the two cars together crosswise of the bridge and into the frame work of it on either side as to block the way, and before the cars could be moved even by a wrecker they had to be partially taken apart.

Mrs. Wilford, in that collision, appears to have sustained injuries so serious that she would not be compensated if she had received all of the $10,000 for which she sued.

Smith lived in Indiana and Cooper in Paducah. Cooper was handy and Mrs. Wilford sued him alone. His is the only negligence she alleges, and of course all for which he is responsible. The jury found for Cooper.

### Grounds for Reversal.

Cooper admitted he gave no signal that he was slowing down. Smith and Reuter both testify there was no taillight or reflector on the rear of the taxi. These are statutory safety requirements in Kentucky, but this occurred in Indiana, and there is no presumption the statutes of that state are the same as ours, and there is neither allegation nor proof concerning the laws of that state, so these elements go out, for such specified precautions were unknown to the common law.

Cooper said after the collision that it would not have happened if he had not slowed down. We are sure that is true, but that does not make his slowing down an act of negligence.

These drivers were blinded by the lights of the southbound car. Cooper slowed down. Smith did not. Smith caused the accident. If there had been a car in front of Cooper, then his slowing down might have prevented a collision with it. It was Cooper's duty to slow down or to stop when he could not see in front of him. Downing v. Baucom's Adm'x, 216 Ky. 108, 287 S. W. 362. Bong v. Webster, 217 Ky. 781, 290 S. W. 662. Trevillian v. Boswell, 241 Ky. 237, 43 S. W. (2d)' 715. Dulaney v. Sebastian's Adm'r, 239 Ky. 577, 39 S. W. (2d) 1000. The ordinarily careful man under these circumstances would have slowed down.

Negligence is not determined by what any one looking back after the accident sees should have been done, but by what the ordinarily careful man under the circumstances existing before the accident would foresee and deem should be done. .

Mrs. Wilford's present plight is such as to evoke sympathy, but there is no justification for penalizing Cooper therefor, unless there can be found some negligent act of his that caused or contributed to cause it. The jury found none, and its verdict must stand.

Appellant says the refusal of the court to give this instruction is error.

"The court instructs the jury that if both the defendant, Cooper, and the driver of the other automobile, referred to in the evidence, were negligent in the control and operation of their respective automobiles, at the time and place referred to in the evidence, and each contributed to bring about the collision of the two automobiles then the law of the case is for the plaintiff, as to the defendant, Cooper, and the jury should so find, although the operator or driver of the other automobile may also have been negligent."

Mrs. Wilford complains of the action of the court in giving the following instruction, particularly of the words we have italicized:

"Although you may believe *from the evidence* that the driver of the automobile which struck defendant

Cooper's automobile, at the time and place men-. tioned in the evidence, was guilty of negligence, yet if you shall further believe from the evidence that defendant Cooper was *likewise negligent,* as defined in instruction No. 1, and but for his negligence, if any there was, said accident would not have occurred, then the law is for the plaintiff and you will so find.''

We regard the last instruction as the better one.

We are unable to find any merit in any of the grounds urged for reversal. The judgment is affirmed.