## Dixie Ice Cream Co. v. Ravenna Grocery Co.

December 12, 1947.

E. B. Beatty, Judge.

Shumate and Shumate for appellant.

J. M. Wolfinbarger and John Davis for appellee.

Opinion of the Court by Judge Thomas—Affirming.

Both appellant and appellee are corporations. The former's factory is in Lexington, Kentucky, and it is engaged in the manufacture and wholesale of ice cream to retailers within an area surrounding Irvine, Kentucky, whilst appellee is a wholesale grocery company, located in Ravenna, Kentucky.

On August 27, 1946, at about 10 a. m. a truck of the appellant company was traveling east on the south side of Highway No. 52 between Richmond and Irvine, Kentucky. A truck of the appellee had stopped at a garage located on the north side of the highway some two or three miles west of Irvine. Its contemplated trip was east from that point, and the driver attempted to cross the highway by backing out from a space in front of the garage, and entirely off the highway, and then moving forward across to the south side of the highway in order to start east on its contemplated trip, which would place it on the same side of the highway in front of appellee's truck approaching from the west.

Just east of the garage the two trucks collided, appellant's truck running into the one of appellee from the rear. There were no eyewitnesses to the collision, except the drivers of the two trucks; however, there were physical indications that appellant's driver could

have seen appellee's truck as it was attempting to cross the highway on to the same side traveled by appellant's truck. From the location of the garage about 600 feet west therefrom, there was no obstruction whatever to prevent a traveler on its south side from seeing in front of him for that distance. The collision damaged both trucks but neither driver was injured.

Appellant filed this action in the Estill circuit court against appellee to recover damages produced by the collision which it alleged was caused by appellee's negligence, which it placed at $475. The answer of appellee was a general denial and by counterclaim it affirmatively alleged that the driver of plaintiff's truck was guilty of negligence causing the collision and consequent damage to its truck and sought by counterclaim to recover the amount thereof from plaintiff which it alleged was $100.

The jury impaneled to try the case returned this verdict: "We, the jury, agree and find negligence on both the plaintiff and defendant." It was returned pursuant to an instruction so authorizing it if the jury found that both litigants were negligent. That instruction was not only based upon logic and sound sense, but it is also approved by us in the cases of Comer v. Yancy, 251 Ky. 461, 65 S. W. 2d 459, and Ligon v. Redding; Kirkwood v. Same, 300 Ky. 329, 188 S. W. 2d 483, the approval beginning near the bottom of page 336 in the Kentucky Report.

There is no serious complaint about other instructions defining the duties of the respective drivers in such situations. However, it is vigorously argued that plaintiff (appellant) was entitled to a peremptory instruction in its favor which was asked by its counsel but which the court overruled and which order we conclude was proper, since the testimony of the two drivers as to how the collision occurred, and in describing the conditions immediately prior thereto, was directly contradictory, leaving it to the jury to determine, under the facts and circumstances, which one of those witnesses it should believe.

Tracy West, appellee's driver, testified that he had succeeded in making the turn of his truck and had gotten entirely on to the south side of the highway upon which

appellant's truck was approaching from the west, and that before attempting to make the turn he looked to his rear and saw that no vehicle was approaching within the 600 feet above referred to. At the termination of that distance westwardly there was a slight dip in the highway which obscured his view beyond that point; that the first he knew of appellant's truck approaching from behind him was when its driver blew his horn about 140 feet to his rear and that acting in the emergency he twisted his front wheels to his right in an effort to get out of the way of the approaching truck of appellant, but that he never crossed the center line of the highway so as to obstruct appellant's driver from passing him on his left side.

On the contrary, John Baker, the driver of appellant's truck, testified that when he blew his horn 140 feet to the rear of appellee's truck intending to pass him the driver of the latter turned his truck to the left on the north side of the highway and across the center line causing his truck to collide with plaintiff's truck and that the turn so made constituted the negligence upon which defendant's action was based. If the testimony of appellee's driver is true then the opportunity of Baker to pass appellee's truck was unobstructed and could easily have been made. It was for the jury to determine, as we have stated, which of the two witnesses to believe. In addition to the testimony so given by the two drivers there were marks on the highway for 130 or more feet west of the point of collision, all of which were on the right side of the highway of the two drivers and which was testified to by Baker, the driver of appellant's truck, but was contradicted by appellee's driver and by P. K. Breen, Secretary and Treasurer of the appellee company, who arrived upon the scene some few minutes after the collision after being notified of its happening by telephone.

West stated immediately following the collision, which knocked his truck clear across the road and against a tree, that he approached the driver of appellant's truck to see if he was injured and that he then stated, in substance, that the collision may have been due to his fault; but he also stated that after he saw the marks made by appellant's truck on the highway

and realizing that he was entirely on its right side that he became convinced that the statement so made by him was incorrect. Counsel for appellant vigorously insist that the statement so made was conclusive as to which driver was at fault and whose negligence was the proximate cause of the collision. However, the explanation given by the witness is plausible, and the statement made under the circumstances, with the explanation given therefor went only to the credibility of the witness, a question to be weighed by the jury.

Baker testified that he was traveling about 35 miles per hour, but he had no speedometer on his truck and his testimony on that issue was more or less a surmise. The testimony as a whole shows that he could have seen the efforts of West to cross the highway on to its south side for at least 600 feet and if in that process his view was obstructed, it was his duty to slow down until the obstructions in front of him were corrected and to thereby prevent the collision.

Section 189.400, KRS, by implication confirms the right of a driver of a motor vehicle to make a turn from one side of the highway to the other when his effort to do so "can be seen for a distance of five hundred feet by the driver of any other vehicle approaching from either direction." As we have stated, the effort to make the turn by the driver of appellee's truck could have been seen by the driver of appellant's truck for 600 feet, while West was making his turn to the south side of the highway.

The only testimony offered by appellant, the objection to which was sustained by the court and of which complaint is made, was offered to be given by Baker to the effect that he could have passed appellee's truck if its driver had not turned to his left so as to obstruct his passage. But that fact, under the testimony, was perfectly apparent and after all, would have been only the conclusion of the witness.

Appellant's brief finally concludes with this statement: "We submit there was no evidence of any negligence on the part of appellant's truck and for that reason all of said instructions should have been refused and it was an error to give each of same."

In cases of this character each one has some distinguishing fact from others of like character. As we have endeavored to point out the testimony as a whole was sufficient to submit, not only the issue of negligence as the proximate cause of the collision but also the litigant that was guilty of it, and if the jury found that both of them were guilty to then return a verdict accordingly.

We therefore conclude that no sufficient grounds were shown to authorize a reversal of the judgment and it is accordingly affirmed.