ST. MATTHEWS CAB CORP., d/b/a Buechel Suburban Cabs and B. J. Minton, Jr., Appellants,

v.

Willie RUSSELL, Appellee.

Court of Appeals of Kentucky.

Sept. 12, 1969.

**750**

J. L. Richardson, III, Richardson & Richardson; Louisville, for appellants.

John E. Wise and Charles I. Sandmann, Louisville, for appellee.

CLAY, Commissioner.

In this automobile accident case the trial court directed a verdict for the plaintiff appellee on the issue of liability, and the jury awarded her $8,491. The controlling question on this appeal is whether the directed verdict was proper.

One afternoon the plaintiff's and the defendants' passenger vehicles were proceeding in the same direction in the right curb lane on Bardstown Road in Louisville. The plaintiff's car was ahead and had been followed by the defendant driver for several blocks. The plaintiff was proceeding slowly, looking for an address about which she was uncertain. She claimed that as she turned into a driveway (to reach a parking area in front of the Llewellyn Laundromat) her automobile was struck in the rear.

The defendants' version of the accident was that plaintiff had pulled off Bardstown Road into a Sunoco service station and had then backed out onto Bardstown Road and turned right to go into the Llewellyn Laundromat area. Defendants' driver testified: "I did not see her back on Bardstown Road in time to stop * * *."

Plaintiff and other witnesses testified that she had made only one turn off Bardstown Road. There were obviously very sharp issues of fact and credibility. If plaintiff's version of the accident was accepted, the defendants were liable. On the other hand, if the jury believed that she backed out from the Sunoco service station driveway into defendant driver's lane of travel, there were clearly issues of negligence on the part of both drivers. See 8 Am.Jur.2d Automobiles and Highway Traffic, sections 682, 792 and 793; Dixie Ice Cream Co. v. Ravenna Grocery Co., 306 Ky. 182, 206 S.W.2d 824, and Riggs v. Miller, Ky., 396 S.W.2d 69.

A directed verdict for the plaintiff in this case could be justified only by ignoring the testimony of the defendant driver. It is not incredible. The issue with respect to the negligence of either or both of the drivers was peculiarly one for the jury to resolve. We believe the trial judge erred in directing a verdict. This conclusion makes it unnecessary to consider other questions raised on appeal.

The judgment is reversed.

All concur.